# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RANDEE LEE KOBAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 C 4186 |
| v. | ) |
| | ) Magistrate Judge |
| CAROLYN W. COLVIN, | ) Jeffrey T. Gilbert |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY,[1] | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Randee Lee Kobal ("Claimant") seeks review of the final decision of the Acting Commissioner of Social Security Administration ("Commissioner") denying her application for supplemental security income under section 1614(a)(3)(A) of the Social Security Act. Claimant filed this appeal pursuant to 42 U.S.C. § 405(g). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1 for all proceedings, including entry of final judgment.

This matter is before the Court on the parties' cross-motions. For the reasons stated herein, Claimant's Motion to Reverse the Decision of the Commissioner of Social Security [ECF 20] is granted, and the Commissioner's Motion for Summary Judgment [ECF 27] is denied. This case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Carolyn W. Colvin automatically is substituted as the Defendant in this case. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

# I. PROCEDURAL HISTORY

Claimant filed an application for supplemental security income on August 16, 2010, alleging a disability beginning March 1, 2004. (R. 23). Claimant suffers from asthma/chronic obstructive pulmonary disorder ("COPD"), multiple bilateral breast surgeries, degenerative disc disease of the cervical spine, obesity, anxiety and depression. (R. 25). The application was denied on April 14, 2011 and again after reconsideration on September 1, 2011. (R. 23). Claimant filed a written request for a hearing before an Administrative Law Judge ("ALJ") on September 27, 2011. (R. 23). Claimant appeared and testified at a hearing held on April 13, 2012, and she was represented by an attorney at the hearing. (R. 43-88). A vocational expert also testified at the hearing. *Id.*

On July 20, 2012, the ALJ denied Claimant's application for supplemental security income and found her not disabled under the Social Security Act. (R. 23-36). At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since August 16, 2010, the application date. (R. 25). At step two, the ALJ found that Claimant had the severe impairments of asthma/COPD, multiple bilateral breast surgeries, degenerative disc disease of the cervical spine, obesity, anxiety and depression and the non-severe impairments of tendonitis of the left wrist, carpal tunnel syndrome and ganglion cyst. (R. 25). At step three, however, the ALJ found Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R part 404, Subpart P, Appendix 1 (20 C.F.R §§ 416.920(d), 416.925 and 416.926) of the regulations. (R. 26).

At step four, the ALJ found that Claimant has the residual functional capacity ("RFC") "to perform medium work as defined in 20 CFR 416.967(c) except the claimant can occasionally push and pull hand controls with upper extremities; occasionally climb ramps and stairs, never

2

climb ladders, ropes or scaffolds; occasionally reach in all directions with bilateral upper extremities; have no more than occasional exposure to concentrated levels of dust, fumes or gases and is limited to simple, routine tasks." (R. 28). At step five, the ALJ concluded that Claimant was unable to perform any of her past relevant work but found that there are jobs in the national economy that she could perform. (R. 34-35). Accordingly, the ALJ concluded that Claimant was not disabled under the Social Security Act. (R. 36).

Claimant requested review of the ALJ's decision by the Appeals Council, but her request for review was denied on April 11, 2013 (R. 1), leaving the ALJ's decision as the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. This Court, therefore, has jurisdiction pursuant to 42 U.S.C. § 405(g).

## II. ANAYLSIS

Claimant argues that this case should be reversed or remanded because the ALJ (1) failed to account for Claimant's limitation with regard to concentration, persistence or pace in her RFC assessment, (2) ignored portions of the opinion of the State agency's psychologist, (3) failed to analyze her impairments in combination, (4) impermissibly rejected her use of portable oxygen when she assessed Claimant's RFC, (5) relied on erroneous testimony from the vocational expert, and (6) improperly analyzed Claimant's allegations of pain. After reviewing the parties' briefs and the administrative record, the Court concludes that remand is required. At a minimum, the ALJ must reevaluate her assessment of Claimant's RFC, provide a better explanation of Claimant's RFC, including how the ALJ accounts for Claimant's moderate limitation with regard to concentration, persistence or pace and Claimant's use of portable oxygen, and include, as appropriate, any additional limitations in the hypotheticals posed to the vocational expert.

3

A.  **THE ALJ DID NOT ACCOUNT FOR CLAIMANT'S MODERATE LIMITATION IN CONCENTRATION, PERSISTENCE OR PACE IN CLAIMANT'S RFC ASSESSEMENT**

Claimant argues that the ALJ erred when she failed to incorporate Claimant's moderate limitation with regard to concentration, persistence or pace in her assessment of Claimant's RFC. Claimant's Brief [ECF 20], at 7-9. The Court agrees.

An ALJ's assessment of a claimant's RFC is a determination of the maximum level of activity that the claimant is capable of sustaining despite her impairments. Social Security Ruling 96-8p. An ALJ must include all limitations that are produced by medically determinable impairments. *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). Any limitations found by the ALJ at step three of her analysis should be included in the RFC assessment. *Kasarsky v. Barnhart*, 335 F.3d 539, 543-44 (7th Cir. 2002) (limitations found by the ALJ at step 3 of her analysis should be included in the RFC assessment); *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620-21 (7th Cir. 2010) (holding that in most cases an ALJ should "refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the [vocational expert's] attention on these limitations and assure reviewing courts that the [vocational expert's] testimony constitutes substantial evidence of the jobs that a claimant can perform"). Unfortunately, the ALJ did neither here.

The Commissioner contends that the ALJ sufficiently accommodated Claimant's limitation in concentration, persistence or pace by limiting Claimant to performing simple, routine work. Commissioner's Brief [ECF 27], at 3-4. The Commissioner argues that the ALJ relied upon the opinion of the state agency psychiatrist Dr. Henson who opined that Claimant suffered from mild limitation in concentration, persistence or pace yet retained the RFC to perform simple, routine work. (R. 34, 556). The ALJ, however, determined that Claimant's

impairment in concentration, persistence or pace was moderate (not mild), a greater limitation than what Dr. Henson had opined. (R. 27). While a restriction to perform simple, routine work was supported in this record to accommodate a mild limitation in concentration, persistence or pace for Claimant, the ALJ concluded that Claimant had moderate limitation in concentration, persistence or pace. Therefore, the Commissioner cannot rely upon Dr. Henson's opinion that restricting Claimant to performing simple, routine work will accommodate her mild limitation in concentration, persistence or pace and argue that the ALJ accommodated Claimant's moderate limitation by restricting Claimant to work that accommodates a less serious limitation.

Because the ALJ found that Claimant had a greater impairment than Dr. Henson said she had, the ALJ was obligated to explain how she accounted for such greater limitations in her RFC assessment. It is clear based on Seventh Circuit precedent that limiting an individual to simple and routine tasks does not necessarily accommodate a moderation limitation in concentration, persistence or pace without support in the record or further explanation from the ALJ. The Seventh Circuit repeatedly has recognized that limiting a claimant to simple or routine tasks does not necessarily account for or take into consideration a claimant's limitation in concentration, persistence or pace. *See e.g., Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (rejecting the contention that an ALJ accounted for limitations of concentration, persistence or pace by limiting a claimant "to simple, routine tasks that do not require constant interaction with coworkers or the general public"); *Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (limiting a hypothetical given to the vocational expert to simple, unskilled work does not account for claimant's difficulty with memory, concentration or mood swings). The Court will not speculate as to whether or how the ALJ accounted for the greater limitation she found Claimant had

5

without more explanation from the ALJ on that subject. In this respect, there is a gap in the logical bridge that the ALJ is required to build from the evidence to her conclusion.

Therefore, remand is required so that the ALJ can explain how, if at all, she accounted for Claimant's moderate limitation in concentration, persistence or pace in her assessment of Claimant's RFC. Alternatively, the ALJ should include a moderate limitation in concentration, persistence or pace in Claimant's RFC assessment and incorporate that limitation in the hypothetical questions posed to the vocational expert as the Seventh Circuit instructed in *O'Connor-Spinner v. Astrue*. The ALJ's analysis as it stands on this record, however, cannot be affirmed.

**B.   THE ALJ'S REJECTION OF CLAIMANT'S NEED FOR PORTABLE OXYGEN IS NOT SUPPORTED BY SUBSTANIAL EVIDENCE**

Claimant also argues that the ALJ impermissibly concluded that Claimant did not require the use of portable oxygen to perform any work. Claimant's Brief [ECF 20], at 13-14. The Commissioner, however, contends that the ALJ reasonably was able to determine that Claimant did not have a medical need for portable oxygen based on her review of the evidence. Commissioner's Brief [ECF 27], at 6-8. The Court agrees with Claimant and concludes that the ALJ impermissibly played doctor when she rejected Claimant's use of portable oxygen and did not account for that in her RFC assessment.

An ALJ is not permitted to make an independent medical conclusion and may not substitute her opinion for the opinion of a treating physician "without relying on other medical evidence or authority in the record." *Boiles v. Barnhart*, 395 F. 3d 421, 424 (7th Cir. 2005). The ALJ does not cite to any other medical evidence in the record that would support her conclusion that Claimant did not have a medical need to use portable oxygen. The ALJ clearly did not believe Claimant's testimony that she required use of a portable oxygen tank. Specifically, the

6

ALJ questioned whether an individual who continued to smoke required portable oxygen (R. 29), but that ignored Claimant's testimony at the hearing that she stopped smoking when she started using oxygen at home. (R. 51-52). The ALJ also speculated that Claimant may not need portable oxygen because her most recent pulmonary function test showed only "mild problems" and there were notations in her records of "symptom enhancement." (R. 29).

Clearly, the ALJ questioned the veracity of Claimant's allegations and doubted that Claimant required portable oxygen. That speculation, however, is not enough to trump a treating physician's prescription for portable oxygen without other medical evidence in the record to support a conclusion that Claimant does not need the portable oxygen. Remand, therefore, is appropriate under these circumstances. There must be evidence, other than the ALJ's own lay judgment, to substantiate a determination that Claimant does not require the use of portable oxygen, or the ALJ must incorporate Claimant's use of portable oxygen in her RFC assessment and incorporate any such limitation in the hypothetical questions posed to the vocational expert.

C.  **ON REMAND, THE ALJ SHOULD ADDRESS THE OTHER ARGUMENTS RAISED BY CLAIMANT AND REEVALAUTE HER FINDINGS AS APPROPRITE**

Claimant also raises four additional arguments in support of reversal and/or remand including that the ALJ (1) ignored portions of the opinion of the State agency's psychologist, (2) failed to analyze her impairments in combination, (3) relied on erroneous testimony from the vocational expert, and (4) improperly analyzed her allegations of pain. Because it is clear based on the arguments addressed above that remand is required, the Court declines to address substantively the other arguments raised by Claimant. On remand, however, the ALJ should address the arguments raised by Claimant and reconsider her findings or elaborate on her reasoning as appropriate and necessary to address Claimant's arguments.

7

The Court also wishes to stress that its statements in this Memorandum and Order should not be construed as an indication that the Court believes that Claimant was disabled as of August 16, 2010, or that she should be awarded supplemental income for the period in question. To the contrary, the Court has not formed any opinions in that regard and leaves those issues to be determined by the Commissioner after further proceedings.

### III. CONCLUSION

For the reasons set forth above, Claimant's motion for summary judgment [ECF 20] is granted, and the Commissioner's motion for summary judgment [ECF 27] is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with the Court's Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: January 9, 2015